Loring, J.,
dissenting:
The statute of 2d March, 1861, (12 Stat., 1820,) “prohibits” a contract “ unless the same be authorized by law or be under an appropriation adequate to its fulfilment.”
The Solicitor objects to this action “ that the contract provided for the payment of a sum in excess of the appropriation.” This is admitted ; but it is contended for the petitioner that the contract was “ authorized by law” within the meaning of those words in the statute cited.
The only authority for the contract is the appropriation act of 2d March, 1865, (13 Stat., 1848,) which appropriated to the enlargement of the library of Congress, according to a plan to be approved by the Committee on the Library, $160,000, “ to be expended under the direction of the Secretary of the Interior.” And on this act the question is, not whether it authorized the Secretary to contract for the work, but whether it authorized him to make this contract exceeding the appropriation. I think it does not, either by its express terms or by any necessary or other implication. It does not in terms direct or mention a contract, and it does not authorize this contract by any necessary implication, because Congress may have contemplated a contract not exceeding the appropriation, and I think the legal inference is that they did, and this is not weakened by the fact shown that the appropriation was adequate for the work specified in the contract, which was done within the appropriation under the second contract.
Where an act of Congress directs an officer 'to contract for the construction of a work and makes no appropriation for it, then the power to contract for its cost is a necessary implication, because neither the act of Congress or the work could be executed otherwise. But where the act of Congress makes a specific appropriation for the work no such necessary implication arises, and it is repelled by the maxim “ exyressio unius est exclusio alterius.” The cases cited by the Solicitor from the opinions of the Attorney G-eneral show that the rule was officially settled in the departments twenty years ago and has been been adhered to since. If the rule were not so, every appropriation for a work might be exceeded.
The petitioner claims that by the contract he was entitled to do the work for the amount of the appropriation, and is therefore entitled to the difference between the appropriation and the proper cost of the work.
But he never proposed to do the work for the amount of the appropria *51 tion or for any other amount than the contract price, and although there are cases where the principal is bound for as much as was within his agent’s authority, and not for the excess, yet those are cases in which the thing authorized and its price are severable from the excess, and the party dealing with the agent was ignorant of the limits of his authority. But this is not such a case. Here the contract is for an entire thing for an entire price, and it never was held that in such case the principal was hound at all by á contract which stipulated a price beyond that to which the agent was limited. And here it is to be held that the petitioner knew the statute, and therefore that he knew the contract was beyond the officer’s authority and prohibited by law, and I think he acquired no rights by such a contract and that a court cannot legalize it by changing its terms.
It is also objected by the Solicitor “ that the contract was made without advertisement.” This was admitted, but it was contended for the petitioner that an immediate delivery or performance was necessary, so that there was an exigency of time within the statute of March 2, 1861, and that it is to be presumed that it was so adjudged by Mr. Usher, and that he was the person to adjudge it.
But I think the case does not admit of the exigency of time contemplated in the statute, which is where immediate performance or delivery is necessary to the accomplishment of some public purpose, which the delay required for advertisements might defeat, such as the feeding and furnishing of troops, the movement of an expedition by sea or land, &c., &c. But this is not such a case; here the matter was the enlargement of the library for the keeping and use of books, and the delay of this enlarged accommodation, by the time required for advertisements, might in this case, as in the occupation of any other public building, postpone a convenience, but I do not think that makes an exigency in which cost is not to be considered and which should except contracts for public buildings from the provision of the statute requiring advertisement.
Then the exigency claimed is not proved; on the other hand, the evidence shows that for the second contract advertisements were made, and it is not shown that any injury or inconvenience was sustained thereby, or that a book was injured, or anybody delayed in getting a book. Moreover, it is not shown that any time was saved by the mode of proceeding substituted for advertisements, viz: That of letters addressed to individuals. This mode occupied two months from the time it was ordered till the contract was made, and, for all that appears,, that would have sufficed for advertisements.
*52 If the evidence shows that there was no exigency of time, then it is not to be presumed that Mr. Usher adjudged there was one, for he is to be presumed to know the facts of the case as well as the law.
And I think, for the reasons stated by me in the case of Floyd v. The United States, 2 C. Cls. R. 429, that the question, whether or not there was an exigency of time, is to he adjudged for the parties here, not by Mr. Usher, hut by the court which is to decide upon the legality of the contract and of the action of the officer who made it, upon evidence of the circumstances in which the contract was made. These were shown here and may always be shown.
Upon the whole case I am of opinion that both of the objections made by the Solicitor are well founded, and that either is fatal to this action, for that a contract was “ authorized by law” does not remove it from the provision of the statute requiring advertisements or from its reasons.
If the contract was illegally made it was not the act of the United States, and they were never bound by it and are not liable on it now.